IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

COOPERATIVE REGIONS OF ORGANIC PRODUCER POOLS d/b/a CROPP COOPERATIVE,

Plaintiff,

v.

BROOK C. ROLLINS and UNITED STATES DEPARTMENT OF AGRICULTURE,

Defendants.

OPINION and ORDER

26-cv-376-jdp

---

Plaintiff Cooperative Regions of Organic Producer Pools, which goes by the name CROPP, processes and distributes organic milk. CROPP alleges that the U.S. Department of Agriculture is requiring CROPP to make payments into a "settlement fund" that benefits non-organic milk producers and processors. Dkt. 1, ¶ 3. CROPP contends that the payments are a taking without just compensation and a deprivation of property without due process. CROPP also contends that the department is exercising authority in violation of the non-delegation doctrine.

An entity called the National Milk Producers Federation moves to intervene, both as a matter of right and permissively. Dkt. 12. The federation says that CROPP's success in this case "would reduce the price that [the federation's] members are paid for their milk and change the way that they participate" in the dairy market, so they have a strong interest in the lawsuit. *Id.* at 2. CROPP moves to file a sur-reply brief related to the motion to intervene, and the court grants that motion. Dkt. 21.

As for the motion to intervene, the court need not decide whether the federation may intervene as of right because all parties agree that permissive intervention is appropriate. Rule

24(b)(1)(B) allows intervention on a timely motion if the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact." The decision whether to allow permissive intervention is discretionary, *Sokaogon Chippewa Cmty. V. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000), but the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3).

In this case, it is undisputed that the motion is timely, that the federation has a strong interest in the outcome, that no other party is representing the interests of milk producers, and that the federation seeks to raise defenses that have common questions of law and fact with other defenses in the case. CROPP's only objection is that the federation should not be allowed to disturb the schedule that the existing parties agreed to. That objection now appears to be moot. Since briefing on the motion to intervene was completed, Magistrate Judge Boor held a scheduling conference where the federation was allowed to appear. It did not object to the schedule proposed by the parties, so the federation has waived any objection to the schedule entered by Judge Boor.

One final point. At the request of the government, Judge Boor's schedule includes an October 1 deadline for moving to stay this case in light of an administrative decision that granted CROPP some of the relief it is seeking in this case. But as the parties have acknowledged in other court filings, the administrative proceeding is not the only other related pending action. Rather, there are at least three other related federal lawsuits, two pending in Colorado and one in the Federal Court of Claims. *See Aurora Organic Dairy Corporation v. Rollins*, No. 26-cv-1748 (D. Colo. 2026); *Horizon Organic Dairy LLC v. Rollins*, No. 26-cv-1751 (D. Colo. 2026); *Charvin Organic Farms, Inc. v. United States*, No.26-cv-616 (Fed. Cl. 2026).

Regardless of whether any party moves to stay the case, the parties should submit a memorandum by October 1 that does the following:

- identifies all other related proceedings, both judicial and administrative, and summarizes the issues raised in each proceeding;
- identifies the status of the other proceedings;
- explains whether this lawsuit is raising any issues not covered by one or more of the other lawsuits;
- explains whether this case should be dismissed or stayed in light of any of those other proceedings.

The parties may collaborate and submit a joint response if they wish, but if they cannot reach an agreement, they may set out their competing positions on points of disagreement.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion to file a sur-reply brief, Dkt. 21, is GRANTED.
2. National Milk Producers Federation's motion to intervene, Dkt. 12, is GRANTED. The federation is directed to promptly refile its proposed answer as a separate docket entry.

Entered September 17, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge